NO. 07-06-0080-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

MAY 21, 2007

_____

DAVID TEICHMANN, D/B/A DAVID'S GOLF SHOP, ET AL., APPELLANTS

V.

ROYAL LINKS, INC., LANDMARK FINANCIAL CORPORATION, D/B/A LFC, INC.,
MIKE HORTON, C AND J LEASING CORP., AND
THE ESTATE OF KIM J. BROWN, DECEASED, APPELLEES

_____

FROM THE 223RD DISTRICT COURT OF GRAY COUNTY;

NO. 33,715; HONORABLE LEE WATERS, JUDGE

_____

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

**MEMORANDUM OPINION**

Pending before this Court is the parties' *Joint Motion to Dismiss Pursuant to Settlement.* By letter dated May 3, 2007, this Court notified counsel that a review of the clerk's record indicated that the order appealed from was interlocutory as it did not dispose of all parties and claims. The Court also requested that counsel show cause why this Court

has jurisdiction, noting that failure to do so would result in dismissal for want of jurisdiction. *See* Tex. R. App. 42.3(a). No response was filed.

This Court is obligated to determine, *sua sponte*, its jurisdiction to hear an appeal. *Welch v. McDougal*, 876 S.W.2d 218, 220 (Tex.App.–Amarillo 1994, writ denied), citing *New York Underwriters Ins. Co. v. Sanchez*, 799 S.W.2d 677, 678 (Tex. 1990). Our jurisdiction is established by various constitutional and statutory provisions. *See*, *e.g.*, Tex. Const. art. 5, § 6; Tex. Gov't Code Ann. § 22.220 (Vernon 2004). Further, this Court has no jurisdiction to review an interlocutory order presented to us by the appeal process prior to entry of a final judgment. *Warford v. Childers*, 642 S.W.2d 63, 65 (Tex.App.--Amarillo 1982, no writ); *cf.* Tex. Civ. Prac. & Rem. Code Ann. § 51.014 (Vernon Supp. 2006) (authorizing review of certain interlocutory orders). A judgment is final for purposes of appeal if it disposes of all pending parties and claims in the record. *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001).

The *Order Granting Defendant Landmark Financial Corporation*, *d/b/a LFC*, *Inc.'s Motion to Dismiss and Dismissing Defendant Landmark Without Prejudice* is interlocutory and thus, not appealable. We have no jurisdiction to consider the *Joint Motion to Dismiss Appeal Pursuant to Settlement*.

Consequently, this purported appeal is dismissed for want of jurisdiction.

Patrick A. Pirtle
Justice

2